George LUSTER, Plaintiff–Appellant,

v.

James SCHOMIG; Martha Sims, Defendants–Appellees.

No. 11–17769.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Jan. 3, 2013.

George Luster, Indian Springs, NV, pro se.

Clark G. Leslie, Esquire, Deputy Assistant Attorney General, AGNV–Office of The Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

George Luster, a Nevada state prisoner, appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations arising from defendants' failure to provide adequate lighting. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004). We affirm.

The district court properly granted summary judgment for Sims on Luster's conditions-of-confinement claim because Luster failed to raise a genuine dispute of material fact as to whether he was actually denied adequate lighting in his cell. *See Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir.1996) ("To sustain an Eighth Amendment claim, the plaintiff must prove a denial of 'the minimal civilized measure of life's necessities,' occurring through 'deliberate indifference' by prison personnel or officers." (citations omitted)); *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir.1985) (finding Eight Amendment violation where the evidence showed that the prison lighting "was inadequate for reading ... and hindered attempts to insure that basic sanitation was maintained").

Luster makes other claims concerning his motions for appointment of counsel, for leave to add a defendant, and for injunctive relief that are not supported.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.